**IN THE COURT OF APPEALS OF IOWA**

No. 23-0863
Filed August 9, 2023

**IN THE INTEREST OF P.-C.M.,**
**Minor Child,**

**T.M., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel Block,

Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant

mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney

General, for appellee State.

Michelle Marie Jungers, Waterloo, attorney and guardian ad litem for minor

child.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to her two-year-old child. She challenges the efforts made to return the child to her care and asks us to defer permanency.[1] After a de novo review of the record, *see In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022), we affirm.

In April 2022, the Iowa Department of Health and Human Services (HHS) received a report that the mother was caring for the child while highly intoxicated. Because the mother refused to agree to a safety plan, the child was removed from her custody. After conducting a child protective assessment, the HHS found the mother denied the child critical care by failing to provide proper supervision. It is the third founded assessment against the mother since 2015.[2]

The juvenile court adjudicated the child as a child in need of assistance (CINA) in May 2022. The adjudicatory order cited "concerns regarding [the mother's] substance abuse, denial of critical care, lack of supervision, and unmet mental health needs." The juvenile court ordered the mother to "comply with all recommendations for mental-health and substance-abuse programming," "comply

---

[1] The issue stated in the mother's brief is that court erred in finding clear and convincing evidence existed to terminate her parental rights. But in her argument, the mother does not contest any of the elements for terminating her parental rights on either ground cited by the juvenile court. Because the mother's argument focuses instead on reasonable efforts and deferring permanency, we address those issues.

[2] At the time of the termination hearing, the mother had eight children: her parental rights to one child were terminated previously, three of the children were in a guardianship, and four children were adjudicated CINA. The termination order from which the mother appeals concerns the youngest of the four children who were adjudicated CINA. Although that child was not born until April 2021, the mother's history with the other children is relevant to the issues on appeal. *See In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (noting a parent's past performance shows the quality of the future care that parent can provide).

with any requests for random drug testing," and "actively engage in her mental-health treatment," including medication management. But by the termination hearing ten months later, concerns about the mother's mental health and substance abuse remained, as she had not completed treatment for either. Her visits with the child were inconsistent, with the mother cancelling multiple times because she was "too drunk," among other excuses. She was also arrested for public intoxication in November 2022 and January 2023.

The State petitioned to terminate the mother's parental rights to the child in January 2023. The HHS, guardian ad litem, and Court Appointed Special Advocate recommended terminating the mother's parental rights to allow for the child's adoption by the foster care family. In May 2023, the juvenile court entered its order terminating the mother's parental rights under Iowa Code section 232.116(1)(e) and (h) (2023)

The mother contends that the State failed to make reasonable efforts toward reunification. When a child is removed from a parent's custody, the State must "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child."[3] The mother challenged the services offered to her at the December 2022 dispositional review hearing. In January 2023, three weeks after the State petitioned to terminate parental rights, the mother moved for a hearing on her claim the HHS failed to make reasonable

---

[3] At the time of the CINA adjudication, this provision was codified in Iowa Code section 232.102(7) (2022). Two months later, a legislative amendment went into effect that deleted some subsections from section 232.102, reordering some of those that remained. *See* 2022 Iowa Acts ch. 1098, § 47. As a result, the provision now appears in section 232.102(6) (Supp. 2022).

efforts. The juvenile court addressed and denied the motion in the termination order.

The mother first complains that the HHS failed to make reasonable efforts because she requested a Solution Focused Meeting that was never scheduled. Our review of the record shows this failure is because of the mother, not the HHS. Because the purpose of a Solution Focused Meeting is for the parent and service providers to discuss the best plan for reunification, the parent's participation is necessary. A Solution Focused Meeting took place in August 2022. Because the mother refused to cooperate with attempts to schedule additional meetings, none were held.

The mother also complains that the HHS failed to initiate home studies on the child's out-of-state relatives, as she requested. But the HHS worker testified that the HHS would not have placed the child out of state while the goal was reunification with the mother. Moreover, the mother cannot show how any such failure affected her ability to resume custody of the child. *See In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019) (holding that failing to provide reasonable efforts does not preclude termination but impacts the State's burden of proving a child cannot be returned to the parent's care). *See id.* The child could not be returned to the mother's custody because of her unaddressed mental-health and substance-abuse issues, for which the mother was offered ample services. Completing the home studies would not have addressed either concern.

The mother asks us to defer permanency to allow the child to be returned to her custody. Under Iowa Code section 232.104(2)(b), the court can continue a child's placement for six months if doing so will eliminate the need for the child's

removal. But before doing so, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). We cannot. The HHS found the mother denied her children critical care on at least two other occasions before the child's birth. Although the mother was offered services to resolve the issues that led to those findings, the same reasons led to HHS involvement with this child and the CINA adjudication. Under Iowa Code section 232.116(1)(h)(3), the mother had six months after the CINA adjudication to remedy the circumstances that led to the child's removal. Once that period has passed, we view these proceedings with a sense of urgency. *See C.B.*, 611 N.W.2d at 494–95. A year passed between the CINA adjudication and the termination order, and nothing changed. There is no reason to believe that six more months will lead to a different outcome. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**